## William F. Near v. Alexander Mitchell.

*Evidence: Pendency of another suit: Plea in abatement.* The rule requiring the pendency of another suit to be pleaded in abatement and not in bar, applies as well where the prior suit is a garnishee proceeding as in other cases. The statute (*Comp. L.*, § *4796*) which provides that "no suit shall be maintained or recovery had" by the creditor of the garnishee for the money or effects involved in that proceeding while the same is pending, does not make garnishee proceedings an exception to the general rule.

The pendency of such proceedings cannot be proved under a plea of the general issue.

*Practice in supreme court: Bill of exceptions: Case made.* Where a cause has been referred by the circuit court to a referee who has reported, finding the facts, and on the coming in of such report motion is made for judgment upon such report, and the circuit judge thereupon makes and files a written finding of the law, such finding may be brought to this court for review as well by writ of error with bill of exceptions as by case made.

*Submitted on briefs July 13. Decided October 3.*

Error to Ingham Circuit.

This suit was brought by William F. Near against Alexander Mitchell. Judgment was rendered in the court below for defendant, and plaintiff brings the cause to this court on writ of error.

*Huntington & Henderson,* for plaintiff in error.

*M. D. Chatterton,* for defendant in error.

COOLEY, J.

This appears to be an action of assumpsit. The defendant pleaded the general issue, and gave notice with his plea that he would show on the trial that at the time the suit was commenced, garnishee proceedings were pending against him as debtor of the plaintiff in a suit brought by one Hubert. The case was sent to a referee, who reported that defendant was indebted to the plaintiff in the sum of two hundred and fifty-five dollars and seventy-five cents. He also found that when the suit was commenced, garnishee proceedings were pending as set forth in the notice, but

that they had been since determined by the rendition of judgment against Hubert in the principal case. On the coming in of this report, the defendant moved for judgment upon it, and the following is the circuit judge's finding of the law:

"This suit having been commenced during the pendency of the proceedings in garnishment, referred to in said report, against the defendant, I deemed, and so decided, that this present suit was improperly and prematurely commenced, and could not, therefore, be maintained, and that the commencement and pendency of such proceedings in garnishment might be properly proven by the defendant, and be made available as a defense in this action under his plea and notice filed in this cause, and judgment was therefore entered in favor of the defendant for his costs of suit to be taxed; to all of which decisions and judgment the plaintiff in due time excepted. I also find that the plaintiff, by his counsel, at the argument, moved the court for a judgment against the defendant for two hundred and fifty-five dollars and seventy-five cents, in accordance with the report of the referee, which was denied for the same reasons above stated; to which decision the plaintiff by his counsel in due time excepted."

The case is now brought to this court by writ of error with bill of exceptions. The defendant raises the question whether the point made can properly be presented by bill of exceptions, and whether it is not necessary to settle a case for the purpose; but we have no doubt the one course is as much open to the party as the other.

Upon the question of law presented for his decision, we think the circuit judge was clearly in error. The defendant does not dispute that, as a general rule, the pendency of another suit should be pleaded in abatement and not in bar, but he relies upon the statute as making an exception

of this case. ·The statute provides (*Comp. L.*, § *4796*) that "no suit shall be maintained or recovery had" by the creditor of the garnishee for the money or effects involved in that proceeding while the same "is pending." But we think there is nothing here to make any exception to the general rule.    This statute does not take away from the creditor his right of action; it only suspends such right while the garnishee proceeding remains undisposed of· Neither does it undertake to establish any new rule of pleading.    In any case if a party·would have the benefit of a legal defense, he must interpose the proper plea, which in this case was a plea in abatement.    There is nothing in any of our statutes which permits matter in abatement to be given in evidence under a plea in bar, and certainly nothing in the previous practice.    Cases like *Gunn v. Howell*, *35 Ala., 144*, are not in point, for there the proceedings given in evidence had resulted in the satisfaction of the demand, which was not the case here.

The judgment, and all proceedings subsequent to the report of the referee, must be reversed with costs of this court, and the cause remanded for further proceedings.

GRAVES, J., and CAMPBELL, CH. J., concurred.

CHRISTIANCY, J., did not sit in this case.