EMMA OTTILIA HAAS

· *v.*

LOUISA F. RIGHEIMER *et al.*

*Opinion filed February 21, 1906.*

1. ACTIONS AND DEFENSES—*pendency of a former suit may be pleaded in abatement of later one.* The pendency of a former suit in the same jurisdiction, in the same or another court of equity, between the same parties for the same cause of action and relief, may be pleaded in abatement of the second suit.

2. SAME—*when difference in parties is not material.* The addition of parties to the second suit who were not parties to the first suit but who have become interested in the real estate involved since the filing of the bill in the first suit, does not make a material difference with reference to pleading the former suit in abatement of the later one, since substantial identity of the parties is all that is required.

3. SAME—*not essential in abatement that first and second bills pray for same specific relief.* If partition may be decreed under the allegations of a bill to set aside certain deeds and declare a trust, the fact that the bill does not specifically pray for partition and that the bill subsequently filed specifically prays for partition but does not ask relief against the deeds, that relief having already been granted in the former suit, does not preclude pleading the pendency of the former suit in abatement of the later one.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN L. HEALY, Judge, presiding.

This was a bill for partition and accounting, filed in the circuit court of Cook county by appellant, Haas. A verified plea was filed by a part of the defendants, setting up the pendency of a prior suit. Upon the filing of that plea the defendants pleading moved to dismiss the bill. The chancellor heard the evidence offered in support of the plea in open court, and entered a decree dismissing the bill, and the cause comes here by appeal.

The plea set out the original bill and amendments thereto in the case of *Stahl* v. *Stahl,* which was before this court at the February term, 1905, and which is reported in 214 Ill. 131; the answer of certain of the defendants in that case to the amended bill; the decree of the superior court entered in that cause; the material portions of the opinion of this court entered in that cause, and the mandate which issued from this court, and avers other facts common to a plea of this kind.

It appears from the record that on November 2, 1903, Gustave A. Stahl, a brother of appellant, Haas, filed a bill in the superior court of Cook county, making his brother Frank A. Stahl and other parties interested in the real estate described in the bill, defendants. That bill averred that a certain deed executed by Fredericka L. Stahl (mother of the complainant and of six of the defendants) on August 18, 1900, conveyed to Frank A. Stahl, one of the sons, the said real estate without valuable consideration, and that thereafter Frank A. Stahl conveyed the same, without valuable consideration, to his brother John Stahl; that by reason of said deeds John Stahl claimed to be the owner in fee of said real estate; that said claim was in fraud of the rights of the other children of Fredericka L. Stahl. No trust was expressed in either deed, both of which were absolute in form. It further appeared from the bill that Fredericka L. Stahl died intestate, and that the real estate in question was in equity the property of her seven children as tenants in common, as the same, pursuant to an oral agreement, had been

conveyed to Frank A. Stahl for the use and benefit of all her children, as John Stahl well knew when he received the conveyance from Frank A. Stahl. The bill prayed that the two deeds be set aside and declared null and void; that there be an accounting for rents; that a receiver be appointed, and for general relief. Certain of the defendants answered, Frank A. Stahl and John Stahl interposing the Statute of Frauds. A replication was filed and a hearing had. The superior court dismissed the bill on the ground that the trust set up by the bill was within the Statute of Frauds, and an appeal was prosecuted to this court, where it was held that the deed to John Stahl created a constructive trust in him for the benefit of all the children of Fredericka L. Stahl, deceased, who in equity were held to be the beneficial owners of said property. The decree of the superior court was reversed and the cause remanded, with directions to enter a decree in accordance with the views expressed in the opinion of this court. Six days after judgment was entered in this court, appellant, one of the equitable owners of the property in question, filed the bill in this case in the circuit court of Cook county for partition of the real estate in question and seeking an accounting of rents and profits. Thereafter the case of *Stahl* v. *Stahl* was re-docketed in the superior court, and a decree was entered therein, from which an appeal has been prosecuted to this court, and a judgment was entered in this court at the present term reversing the decree and remanding the cause, (*Stahl* v. *Stahl, ante,* p. 188,) for the reason that the decree so reversed was not in accordance with the mandate of this court issued upon the determination of the earlier appeal.

WILLIAM D. PETZEL, LORENZO E. DOW, DAVID S. GEER, and JOHN F. HAAS, for appellant.

DAVID K. TONE, and MORSE IVES, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

It is urged that the plea herein does not fully set out the facts relied upon by the defendants. We have carefully examined the averments of the plea and consider this contention without merit.

It is further objected that the court below did not follow the proper practice in considering and determining the sufficiency of the plea and in hearing evidence in support of its averments, instead of referring the cause to the master. As this question was not raised in the lower court it will not be considered here.

The general rule is that the pendency of a former suit in the same jurisdiction, in the same or in another court of equity, between the same parties, for the same cause of action and relief, may be pleaded in abatement of the second suit. 1 Ency. of Pl. & Pr. 752; 1 Cyc. 21; Story's Eq. Pl. sec. 736; 1 Daniell's Ch. p. 656; *American Bible Society* v. *Hague,* 4 Edw. Ch. (N. Y.) 117.

The purpose of the original bill, filed in the case of *Stahl* v. *Stahl* in the superior court, was to obtain for each of the children of Fredericka L. Stahl the one-seventh part of the real estate in question, to have an accounting of the rents and profits thereof since the same was conveyed by Fredericka L. Stahl, to have a receiver appointed, and to obtain general relief. That bill did not specifically pray partition, although it appears therefrom that each of said children is the equitable owner of the undivided one-seventh of said real estate. The present bill in the circuit court seeks the same end, as it is an ordinary bill for partition and accounting. All the parties who were necessary parties to a suit for the partition of this real estate were parties to the first bill at the time it was filed, and in the opinion of this court in *Stahl* v. *Stahl,* (*ante,* p. 188,) the method which may be followed in the first suit to obtain partition is pointed out.

The parties in the second suit are not identical with those in the first in this: Certain persons who have become inter-

ested in the real estate since the filing of the bill in the superior court are made parties to the bill filed in the circuit court. Under these circumstances it is not necessary that the parties to the two suits should be precisely the same. There is here a substantial identity of parties, which is all that is necessary. 1 Ency. of Pl. & Pr. 757; Story's Eq. Pl. sec. 738.

The second bill did not aver anything or seek any relief in regard to the conveyances from Fredericka L. Stahl to Frank A. Stahl, and from Frank A. Stahl to John Stahl, but at the time the bill was filed the effect of those deeds had already been fully determined by this court and the controversy in reference thereto had been finally ended and determined. This difference between the two bills was therefore an immaterial one.

We deem it apparent that the relief sought in the second suit may be obtained in the first, and that relief so sought in the second suit is, for all practical purposes, the same as that sought in the first, and that the subject matter of the two suits is the same, being the real estate described in the respective bills and the rights of the children of Fredericka L. Stahl therein and in the rents thereof.

The superior court and the circuit court of Cook county are courts in the same jurisdiction, exercising equitable powers, and have concurrent jurisdiction of the subject matter of this controversy, and the superior court having first obtained jurisdiction of the suit, will retain the same to the exclusion of the circuit court. *Plume & Atwood Manf. Co.* v. *Caldwell,* 136 Ill. 163; *Howell* v. *Moores,* 127 id. 67; *Dunham* v. *Dunham,* 162 id. 589.

The decree of the circuit court will be affirmed.

*Decree affirmed.*