THOMAS QUINN, Appellant, v. MONONA COUNTY, WM. UHL, and TADLOCK BROTHERS, Appellees.

**Judgments:** *stare decisis*: ABATEMENT OF ACTIONS. The determination on appeal in another action of the issues involved in a case on trial, after the trial of the later action, is not available as an adjudication but is important in the subsequent determination of the issues under the doctrine of *stare decisis,* and will support a plea in abatement provided the parties are the same.

**Same.** Road supervisors and township trustees represent the public in a suit to determine the location of a highway, and in the absence of any objection to their right to so act, the same plaintiffs cannot maintain an action involving the same issue against the county which also represents the public, and a determination of the issues in the former will abate the latter.

**Highways:** BOUNDARIES: EVIDENCE. Evidence of a supposed monument marking an original corner is not controling on an issue as to the location of a highway boundary, where it was not shown that it was in fact a government corner.

**Same:** ESTOPPEL. Where a highway fence was not erected as a boundary the county is not estopped to claim that the same was an obstruction to a highway subsequently established, by the fact that for a few years it took no steps to remove the same, no one with authority acquiescing therein; nor by the fact that plaintiff had planted trees just inside the fence.

*Appeal from Monona District Court.—*HON. DAVID MOULD,
Judge.

FRIDAY, OCTOBER 30, 1908.

THIS is a proceeding to determine the boundary line
between the property owned by plaintiff and that owned
by defendants other than Monona County, and to ascertain
and define the limits of a duly established highway between
the lands owned by the respective parties. Defendant
Uhl admitted the allegations of the petition, and consented
to the entry of a decree in plaintiff's favor. The other
defendants filed answers, and among other defenses pleaded
in abatement another action pending. The case was tried
to the court, resulting in a decree for defendants and a
finding establishing the plea in abatement. Plaintiff ap-
peals. *Affirmed.*

*C. R. Metcalfe,* for appellant.

*S. D. Crary* and *W. D. Crary,* for appellees.

DEEMER, J.—The pleadings are very voluminous and
complicated, covering many closely printed pages of the
abstract. The controversy is really over the proper loca-
tion of the highway between the east halves of sections
nine and sixteen in a township in Monona County, Iowa.
Plaintiff owns the northwest quarter of section sixteen,
and defendants Uhl and Tadlock Brothers the southwest
quarter of section nine, in the same township. This high-
way was legally established in the year 1894, and it is
claimed by defendant Monona County that the fence on
the north side of plaintiff's land is something like thirty
feet north of where it should be, constituting an obstruc-
tion to the highway. This plaintiff denies, and he claims
that the fence is on the true line between the highway

and his (plaintiff's) land, and that, if this be not true, it is upon a line established by recognition and acquiescence.    The prayer of the petition is that the fence be duly established as the permanent line between plaintiff's land and the highway, and that the same be made of record and otherwise made to conform to title 21, chapter 5, sections 4228-4239, Code.    An estoppel on the part of the county was also pleaded.    About all that is said regarding the defendants other than Monona County is that they have also acquiesced in and recognized the south line of the highway as being marked by the fence upon the north side of plaintiff's farm.    Defendant Uhl admitted the allegations of the petition, and consented to a decree as prayed; but it is manifest that he cannot bind the county or the public in giving such consent.    Tadlock Brothers and the county pleaded another action pending, denied the allegations of plaintiff's petition, and, by counterclaim, asked affirmatively that the fence be removed as an obstruction to the highway, and that plaintiff be · enjoined from placing any other or further obstruction thereon. The action pending which was pleaded in abatement of plaintiff's suit was *Quinn v. Baage,* then in the District Court of Monona County, which reached this court on appeal and was decided in December, 1907; the opinion being reported in 138 Iowa, 426.    All the pleadings and proceedings in that case so far as it had then progressed were introduced in evidence upon the trial of this action in the District Court, and the testimony in that case, so far as applicable, was introduced in evidence.    But little other additional testimony was taken, and that had reference to the true line between the two tracts of land.    The action now before us was tried in equity by consent of parties, and, whatever its form, the pleadings make it apparent that the only question in the case was the proper location of the highway between the two tracts of land above described.

I.   The line between the two tracts of land and the corners and boundaries thereof were not in dispute as between plaintiff and Uhl; but issue was tendered between plaintiff and Tadlock Brothers.   This issue, however, was not over the corners and boundaries of the lands owned by the respective parties, save as these were incidentally involved in fixing the proper highway line on the south side of the thoroughfare.   It is perfectly manifest in this case that the only issue between the parties is the true and proper location of the line between the highway and plaintiff's property.   By turning to the opinion in *Quinn v. Baage, supra,* it will be seen that this was the exact issue in that case, and that plaintiff was finally defeated in that suit.   This, of course, is immaterial on the issue of another suit pending; for, no matter if the result had been favorable to plaintiff in the end, the plea in abatement, if held sufficient, would have been good. The conclusion reached in that case upon appeal is only important as indicating what the decision should be in this case on the merits.   A determination of the issues on the former appeal upon testimony substantially the same as ·in this case would not constitute a former adjudication for the case had not then been decided on appeal; but it would be *stare decisis* of the matters common to the two cases.   Viewed in the latter light, the opinion on the former appeal is not conclusive as *res adjudicata;* but is entitled to weight upon the principle that a case once decided should not be overruled, save for some apparent and imperious necessity.   As the real issues were common to the two cases, the plea in abatement is good, unless it appears that there was such a difference in the parties to the litigation as that a decree rendered in either case would not have been binding in the other.

In the case of *Quinn v. Baage et al.* the defendants were road supervisors and township trustees, and in that

1. JUDGMENTS:
   *stare decisis:*
   abatement of
   actions.

case the defendants filed a counterclaim asking that plaintiff be enjoined and restrained from interfering with them in the removal of plaintiff's fence. In that action they necessarily were representing the county or the public, and no objection was raised by the plaintiff to their right to prosecute this counterclaim. They were assuming to act in a representative capacity, and, as plaintiff did not in any manner challenge their authority to so act, he is in no position now to question their right to do so.

*2. SAME.*

Was there then such an action pending as that, when finally passed to judgment or decree, the decree would be binding upon the plaintiff and the county? This is the pivotal question in the case. Plaintiffs in these actions are the same, and the issues are practically identical. True, the defendants are not all the same, either in name or in fact; but it is not necessary to sustain the plea that they be the same. It is enough that some of them be the same if the actions are based upon substantially the same facts. The road supervisor and the township trustees of Monona County were sued in a representative capacity in the first action, and, on behalf of the public, they filed a counterclaim involving the identical issues presented by the second suit. In the second case the county was a party defendant, and it, too, represented the public as did the road supervisor and the trustees in the first one. Under such a state of facts, it is clear that the second suit should be abated. A judgment in the first case against the road supervisor and the trustees upon the issues tendered would have been conclusive upon the county. In each case there was a defendant who stood for the general public, and the decision in either would be binding upon the public as *res adjudicata.* *Lyman v. Faris,* 53 Iowa, 498; *Clark v. Wolf,* 29 Iowa, 197; *Millikan v. La Fayette,* 118 Ind. 323 (20 N. E. 847); Freeman on Judgment, section 178; *Cannon v. Nelson,* 83 Iowa, 242; *People v. Holladay,* 93 Cal. 242

(29 Pac. 54, 27 Am. St. Rep. 186; Id., 102 Cal. 661, 36 Pac. 927). The trial court was right in abating the action.

II. Moreover, we are constrained to hold that it was also justified in dismissing plaintiff's petition under the evidence adduced. The testimony was the same as in

3. HIGHWAYS: boundaries: evidence.

*Quinn v. Baage,* save that in this case the defendant Uhl made an admission which, as we have seen, was not binding on the county, and there was some additional testimony as to a supposed monument marking the original government corner at or near a place where plaintiff claims it to have been fixed. This testimony was not controlling, however; for there is nothing to show that it was in fact a government corner or monument. Unless we are to overrule *Quinn v. Baage, supra,* the decision in this case must be the same as in that. We are practically asked to overrule that case, but, as now advised, we are not prepared to do so. A highway sixty-six feet in width was duly and legally established in the year 1894 along the north side of plaintiff's land. His fence was built at that time, and it appears it extended from twenty-five to thirty feet into the road as established. It was not erected as a boundary fence marking the southern limits of the highway; for it had been built many years before the highway was established. It may be that plaintiff or his grantors thought it was on the line, although it seems that it was not.

There is nothing from which the inference of acquiescence on the part of the county can be predicated, save that until recently the county did nothing toward remov-

4. SAME: estoppel.

ing the fence. But that is not sufficient to justify a holding of acquiescence or estoppel, even were it applicable to highways properly and legally established. There was a claim of estoppel on the part of the county, but that matter is fully considered in the original case, *supra,* and what is said in that opinion need not be repeated here. It is enough to say in this connec-

tion that nothing has been added to the testimony on this proposition from what appeared in the former case. The improvements made by plaintiff were placed upon the land but a few years before this controversy arose. These improvements consisted of trees planted just inside of the fence which it is claimed marked the line of the highway. As said in the case already referred to, the planting of these trees did not constitute an estoppel. See, also, *Burroughs v. City,* 134 Iowa, 429. That there may be an estoppel on the part of the county to claim certain property as a highway we may concede, and we may also admit as, of course, we do, that a highway may be abandoned; but the facts in this case do not show either an abandonment or an estoppel. Conceding *arguendo* that there may be in some cases a highway line by recognition or acquiescence, the facts in this case are not sufficient to establish any such line. The fence was not originally erected to mark the line of the highway as finally established, and there is nothing to show that anyone acting on behalf of the county ever recognized the fence as being on the true line of the highway thereafter established by the proper authorities of the county. Plaintiff says much about a highway by dedication, but that question is not in the case. The highway now in controversy was duly established by competent authority, and, while it ran along an old traveled way, the action of the board of supervisors established its width, length, and direction, and this without reference to prior use or dedication.

Much is also made in argument of the admission by defendant Uhl. For manifest reasons this was not binding upon the county, and is of no consequence in the case. Something is said about the proceedings on the establishment of the road being insufficient and inefficient in law to the legal establishment of a highway, but no reasons are pointed out to sustain such a contention, and we dis-

cover no such irregularities as will justify us in holding the proceedings invalid.

The decree of the District Court is correct, and it is *affirmed.*