### PINEL *v.* CAMPSELL.

1. APPEAL AND ERROR—ABATEMENT—OVERRULING PLEA—JUDGMENT.
   An appeal may be taken from an order overruling a plea in abatement which set up the defense that a suit was pending in· the Federal courts involving the rights of the same parties to the land affected by the proceedings in the State court, which were partition proceedings.

2. COURTS—ABATEMENT OF SUIT—PLEADING.
   Complainant alleged in his bill of complaint that he was executor ·of the estate of a decedent who in his lifetime was the owner in common with one of the defendants of certain real estate, subject to a mortgage, etc., that their respective titles were derived from the father of the defendant under his will. The bill described the realty and asked for a partition and for an accounting. Defendants filed a plea in abatement alleging the pendency of a suit in the Federal courts involving the same interests and subject matter. *Held,* that, as it appeared by the proceedings all the rights of both parties could be settled in the pending cause, the plea was good and ought to have been sustained.

Appeal from Macomb; Tappan, J., presiding. Submitted October 12, 1915. (Docket No. 46.) Decided March 30, 1916.

Bill by Thomas F. Pinel, individually, and as executor of the estate of Edgar E. Pinel, deceased, against Rachel Campsell, for an accounting and partition. From a decree for complainant, defendant appeals. Reversed.

*Lynn M. Johnston,* for complainant.

*Devine & Snyder,* for defendant.

MOORE, J. January 30, 1914, a bill of complaint was filed in the Federal court for the Eastern District of Michigan. Herman H. Pinel and Sarah Slyfield were complainants. They brought their bill of complaint against Thomas F. Pinel individually, and also as special administrator of the estate of Edgar E. Pinel and Rachel Campsell. They averred in substance:

"That on and for some time prior to the 26th day of June, 1888, one Charles T. Pinel, the father of your orators, and also of the said defendants, was possessed in fee simple of a certain farm (describing it).

"That on or about the 26th day of June, 1888, the said Charles T. Pinel died leaving a last will and testament which said last will and testament was duly admitted to probate," and describing the disposition of the property in the will.   *   *   *

" (4)  That the said Charles T. Pinel failed to provide in his will for your orators and one Charles W. Pinel, one of their brothers, and your orators allege and charge the fact to be that such omission from the said will and testament was not intentional on the part of the said Charles T. Pinel, but was made by a mistake or accident."

Then follow many details as to the law of Michigan in such case, and the family relations of deceased.

" (9)  That by reason of the premises hereinbefore set forth, and the death of the said Bessie Pinel, complainant, Herman Pinel is entitled to an undivided one-eighth interest and complainant Sarah Slyfield to an

undivided two-eighth interest, or in all both complainants together to an undivided three-eighths interest in the aforesaid property, which said interests are of the value of $4,500 and upwards over and above all incumbrances.

"(10) That your orators were away from home at the time of the death of their father and were not present in the State of Michigan when the will was admitted to probate, and in fact were not advised that they had any right in the premises whatsoever, and your orators allege and charge the fact to be that they did not learn of the fact that the omission to provide for them in the will was made by mistake or accident until about nine months ago. * * *

"(11) That the defendants deny the right of the complainants to an undivided three-eighths interest in and to the aforesaid real property and refuse to deed unto your orators' their respective shares in and to the said property, but on the contrary claim to be the sole and legal owners of the whole of the aforesaid premises. * * *"

Many other averments follow, and the prayer is:

"*First.* That your orators may be decreed to be the lawful owners of an undivided three-eighths interest in and to the premises herein described in the first paragraph of this bill of complaint, free and clear of any and all claims of the said defendants. * * *

"*Third.* * * * And that your orators may cause said decree to be recorded in the office of the register of deeds for Macomb county, Mich., and that when the said decree is duly recorded it may have the same force and effect as if a release to an undivided three-eighths interest had been duly made and delivered unto your orators by the said defendants.

"*Fourth.* That your orators may have such further, other, or different relief in the premises as shall be agreeable to equity and good conscience and to this honorable court shall seem meet."

The bill of complaint in the case now before us was filed October 9, 1914, in the circuit court for Macomb county, in chancery. The commencement is:

"Complaining, your orator Thomas F. Pinel, individually and as executor of the estate of Edgar E. Pinel, deceased, of the county of Macomb and State of Michigan, brings this suit, his bill of complaint against Rachel Campsell defendant herein, and thereupon your orator respectfully shows the court:

"(1) That Edgar E. Pinel in his lifetime and Rachel Campsell were owners in fee as tenants in common, subject to the life estate of Rachel Pinel, and a real estate mortgage, hereinafter described of all those certain pieces or parcels of land situate in said county of Macomb and in the township of Clinton, described as follows."

Then follows a description of the same lands described in the suit in the Federal court.

"(2) And that the title of your orator and the said Rachel Campsell is derived from the will of Charles T. Pinel, the father of your orator and said Rachel Campsell, under the clause of said will which was duly admitted to probate as follows:

" 'The remainder of my farm in Clinton I give and devise to my son Edgar and my daughter Rachel to have and to hold after the death of wife.'

"This will was duly admitted to probate and the estate closed."

Here is a reference to the probate files and records and a description of the incumbrance on the property, and the taxes and the payments made on the mortgage and of the taxes, and the possession of the farm and other details.

"(5) And your petitioner further represents that no person or persons other than your orator and the said Rachel Campsell have any interest or title to the said described lands. * * * Your orator and said Rachel Campsell are each entitled to an equal one-half part of said above-described land subject to said mortgage above referred to and any amount that may be found due from said Rachel Campsell to your orator on an accounting between them, which should be a lien

upon the said share of said defendant, Rachel Camp-
sell.

"(6) Your orator is desirous that an accounting be
had between your orator and said defendant, and that
a division and partition of the said above-described
lands (said sixty acres, or thereabouts) be made be-
tween your orator and said defendant, Rachel Camp-
sell, according to their respective rights and interests
therein.    *    *    *

"Your orator therefore prays:    *    *    *

"(2) And the several and respective shares, rights,
and interests of your orator and of the said defendant
of, in, and to the said land, and each and every part
and parcel thereof, may be settled and determined by
the decree of this honorable court, and that an account
be taken.    *    *    *

"(3) And that a just and equitable division and par-
tition of the said lands and premises may be made
between your orator and the said defendant according
to their several respective rights and interests there-
in.    *    *    *

"(4) And your orator may have such further or
such other relief as shall be agreeable to equity and
good conscience."

The defendant pleaded to the second suit in abate-
ment thereof the pendency of the suit commenced in
the Federal court.  The trial court overruled the plea
and gave the usual time to answer.  The defendant did
not answer, but appealed the case here, claiming her
plea was a good one, and should have been sustained.

The first question is:  Was the order so final as to
permit an appeal?  The record shows a case in that
regard on all fours with *Hagar* v. *Schliess*, 183 Mich.
610 (149 N. W. 1058), and the many cases therein
cited.

Was the court wrong in overruling the plea in abate-
ment?  It has been said under the head of pleas in
abatement in general:

"There may be certain matters of fact connected
with the bringing of the suit, which though not affect-
ing the merits of the action are yet, if substantiated,

a good defense to it as at present prosecuted, as for instance it may have been brought * * * during the pendency of another action for the same cause. * * * And such a plea is called a plea in abatement because it goes to abate the plaintiff's action; that is, to put it off or suspend it for the present." 1 Green's Mich. Prac. (3d Ed.) p. 489.

See, also, Chancery Rule 8, Stevens' notes; 1 Enc. Pl. & Pr. p. 768; 16 Cyc. p. 289.

In *Emry* v. *Chappell*, 148 N. C. 327 (62 S. E. 411), it is said:

"The general principle of the law is that the pendency of a prior suit for the same thing or, as is commonly said, for the same cause of action between the same parties in a court of competent jurisdiction will abate a later suit, because the law abhors a multiplicity of suits and will not permit a debtor or a defendant to be harassed or opposed by two actions, if even substantially alike, to recover the same demand, when the plaintiff in the second action can have a complete remedy by one of them. 1 Cyc. 20, 21; *Alexander* v. *Norwood*, 118 N. C. 381 [24 S. E. 119]; *McNeill* v. *Currie*, 117 N. C. 341 [23 S. E. 216]; *Harris* v. *Johnson*, 65 N. C. 478. The principle is based upon the supposition that, if the first suit is so constituted as to be effective and available, and also to afford an ample remedy to the plaintiff in the second, the latter is unnecessary and should be dismissed. *Smith* v. *Moore*, 79 N. C. 82. The positions of the respective parties on the record in the two suits, whether plaintiffs or defendants, is not material, if full relief can be had in the one first commenced. *Gray* v. *Railroad*, 77 N. C. 299; *Wallace* v. *Robinson*, 52 N. H. 286. * * * And if there were other parties in the first suit not included in the subsequent one, it would not necessarily prevent the pendency of the former action from being a defense to the latter, nor would the fact that the parties, plaintiff and defendant, were reversed in the two suits prevent the defense, if the issue in the two were the same, and the same relief attainable."

See, also, *Van Vleck* v. *Anderson*, 136 Iowa, 366 (113 N. W. 853).

The case of *Haas* v. *Righeimer*, 220 Ill. 193 (77 N. E. 69), is much like the case before us, and a reading of the opinion will be helpful.

We have not quoted literally the language of the bills of complaint in the two cases, but have contented ourselves with stating the substance of them by which we think it is made clear that if the averments of the bill in the Federal court are established, that a decree cannot be entered in the case now before us along the lines prayed for therein, but it would be possible under the averments and the prayer of the bill of complaint in the first case to settle the rights of all the respective parties.   We think the plea should have been sustained.

The decree is reversed, with costs, and the case remanded for further proceedings.

STONE, C. J., and KUHN, OSTRANDER, BIRD, STEERE, BROOKE, and PERSON, JJ., concurred.