CHAPPLE *v.* NATIONAL HARDWOOD CO.

1. ABATEMENT AND REVIVAL—PENDENCY OF FORMER SUIT RAISED BY MOTION TO DISMISS.

Under ·3 Comp. Laws 1915, § 12456, pendency of former suit may now be raised by motion to dismiss.[1]

2. SAME.

Parties may not be harassed by new suits brought by the same plaintiff involving the same questions as those in pending litigation.[2]

3. SAME—PENDENCY OF FORMER SUIT.

Where, in an action for fraud and deceit, the fraud charged against one of the defendants is the same as that charged against him in a pending action, and the plaintiff is the same in both actions, said defendant is entitled to have the second action dismissed as to him, although different defendants are joined with him.[3]

Certiorari to Montcalm; Hawley (Royal A.), J. Submitted January 8, 1926. (Docket No. 69.) Decided March 20, 1926.

Case by Wilbert C. Chapple against the National Hardwood Company, Joseph J. Jacobson and others for fraud in the sale of corporate stock. From an order denying a motion to dismiss as to defendant Jacobson, he brings certiorari. Reversed.

*J. T. & T. F. McAllister,* for appellant.

*Norris, McPherson, Harrington & Waer (Foss O. Eldred,* of counsel), for appellee.

FELLOWS, J. Plaintiff Chapple brought this suit in the Montcalm circuit court against the National

[1]Dismissal and Nonsuit, 18 C. J. § 86; [2]Abatement and Revival, 1 C. J. § 38; [3]Id., 1 C. J. § 101.

Hardwood Company, a Delaware corporation, and Joseph J. Jacobson and Abram W. Sempliner, both residents of Detroit, counting on fraud in the issuance and sale of bonds of the company, the declaration being quite similar to the one before us in *Thomson* v. *Kent Circuit Judge,* 230 Mich. 354. Defendants Jacobson and Sempliner each made a motion to dismiss for various reasons, both of which motions were denied. This writ of certiorari brings up for review the order refusing to grant the motion of defendant Jacobson.

We shall consider but one ground set up in the motion as it is controlling of the case. Prior to the bringing the present action, plaintiff Chapple brought an action in the Kent circuit court against defendants Jacobson and Sempliner, together with Hiram E. Moone, Oscar B. Wilmarth and Joseph Noorthoek. In that case he counted as he does in this case on fraud in the issuance and sale of the bonds of the National Hardwood Company, and the alleged fraud of defendants Jacobson and Sempliner there counted upon is the same as here counted upon. That case is still pending. It was submitted with the instant case to this court at the present term. That case was dismissed as to Sempliner but was continued as to the other defendants including Jacobson and went to trial as to all except Sempliner. That suit was pending when this suit was instituted and defendant Jacobson insists that the present suit should be abated because there was a former suit pending which so far as he is concerned involved the identical matter here involved. Under the former practice pendency of a former suit was raised by plea in abatement. *Near* v. *Mitchell,* 23 Mich. 382; *Sullings* v. *Goodyear Dental Vulcanite Co.,* 36 Mich. 313. Now it may be raised by motion to dismiss (3 Comp. Laws 1915, § 12456).

As we have pointed out, the plaintiff is the same in both suits, the fraud charged against Jacobson is the

same in both suits and unless a different rule should be applied where different defendants are joined with the mover of the motion to dismiss, he is entitled to be dismissed. The courts quite uniformly agree that parties may not be harassed by new suits brought by the same plaintiff involving the same questions as those in pending litigation. If this were not so repeated suits involving useless expenditures of money and energy could be daily launched by a litigious plaintiff involving one and the same matter. Courts will not lend their aid to proceedings of such a character, and the holdings are quite uniform on this subject. May these holdings be circumvented and a different holding successfully invoked by adding new defendants or subtracting some of the old ones, but continuing the mover who seeks to abate the successive suits as a continuing defendant where the plaintiff is the same, and the same matters are involved in all the cases? We think upon reason and authority this question must be answered in the negative and we think it was so answered by this court in *Pinel* v. *Campsell*, 190 Mich. 347. It will be noted that in that case a suit in equity was pending in the Federal court in which the rights of all the parties could be adjudicated. In the case there before us the parties did not include all those who were parties to the Federal case, but both the parties to the suit in the State court were parties to the suit in the Federal court. We held that the plea in abatement was good and to sustain the holding cited *Emry* v. *Chappell*, 148 N. C. 327 (62 S. E. 411); *Van Vleck* v. *Anderson*, 136 Iowa, 366 (113 N. W. 853); and *Haas* v. *Righeimer*, 220 Ill. 193 (77 N. E. 69); in all three of which cases it was held that complete identity of parties was not necessary to invoke the doctrine of former suit pending. In Ruling Case Law it is said:

"But a suit will be abated on the ground that an-

other suit is pending in the same jurisdiction where the parties plaintiff are the same in both suits and the parties defendant in the second suit are parties defendant in the former suit, notwithstanding that there are additional parties defendant in the former suit, provided, of course, each action is predicated upon substantially the same facts as respects the defendants named in both." 1 R. C. L. p. 15.

In Corpus Juris it is said:

"All defendants not the same. In some cases it is said that to sustain a plea of another suit pending the suit must be between all the same parties; and in some cases it is true that a suit against one person is not pleadable in abatement of a subsequent suit by the same plaintiff against the same defendant and others. By the weight of authority, however, it is not essential that defendants be entirely the same. If the actions are based upon substantially the same facts, the first will abate the second, at least as to those defendants who are named in both, although there are more defendants in one action than in the other." 1 C. J. p. 78.

This view of the textwriters is sustained by the following cases: *Beyersdorf* v. *Sump*, 39 Minn. 495 (41 N. W. 101, 12 Am. St. Rep. 678); *Quinn* v. *Monona County*, 140 Iowa, 105, 109 (117 N. W. 1100); *Rehman* v. *Railroad Co.*, 8 Ind. App. 200 (35 N. E. 292); *Gause* v. *Boldt*, 99 N. Y. Supp. 442; *Rogers* v. *Hoskins*, 15 Ga. 270, 273; *Haas* v. *Righeimer, supra; Emry* v. *Chappell, supra.*

The order in so far as it affects defendant Jacobson will be reversed.

BIRD, C. J., and SHARPE, SNOW, WIEST, CLARK, and MCDONALD, JJ., concurred. STEERE, J., did not sit.