*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN PAIN MANAGEMENT, assignee of
LORRIE WIDEMAN,

UNPUBLISHED
January 9, 2020

Plaintiff-Appellant,

v

No. 345932
Oakland Circuit Court
LC No. 2018-164100-NF

AMERICAN COUNTRY INSURANCE
COMPANY,

Defendant-Appellee.

Before: CAMERON, P.J., and CAVANAGH and SHAPIRO, JJ.

PER CURIAM.

In this action under the no-fault act, MCL 500.3101 *et seq.*, plaintiff Michigan Pain Management (MPM) is a healthcare provider seeking to recover payment for services rendered to its patient. The trial court granted defendant American Country Insurance Company (ACIC) summary disposition under MCR 2.116(C)(6) (another action between the same parties regarding the same claim). For the reasons set forth in this opinion, we reverse.

## I. FACTS AND PROCEDURAL HISTORY

In September 2016, Lorrie Wideman was injured in a motor vehicle accident involving a cab. In December 2016, MPM began providing medical care to Wideman and continued to do so through the duration of the lower court proceedings. At each visit, Wideman assigned MPM in writing her rights to collect payment of no-fault benefits for the medical services provided to her by MPM.

ACIC is the no-fault insurer responsible for payment of Wideman's personal protection insurance (PIP) benefits. In April 2017, Wideman filed suit in Wayne Circuit Court against ACIC, asserting a claim for recovery of PIP benefits; the complaint also alleged counts of negligence against the driver and the cab company. Wideman's Wayne Circuit Court complaint made no reference to the assignments to MPM.

-1-

In February 2018, while Wideman's action was pending in Wayne Circuit Court, MPM filed suit against ACIC in Oakland Circuit Court, seeking payment under the no-fault act for the treatment it had provided to Wideman. The action was brought pursuant to the most-recent assignment of no-fault benefits executed by Wideman, which was attached to the complaint served on ACIC. Consistent with MCR 1.109(D)(2), the complaint stated that "[a] civil action between other parties arising out of the transaction or occurrence alleged in the complaint" had been filed in Wayne Circuit Court and provided the case number for Wideman's action.

In May 2018, Wideman's Wayne Circuit Court case went to case evaluation. Wideman's case evaluation summary claimed unpaid PIP benefits for medical services provided to her by MPM totaling $209,666.71. Wideman and ACIC each accepted the case evaluation award on June 18, 2018.

Days later, ACIC moved for summary disposition under MCR 2.116(C)(6) in the present case. ACIC argued that MPM's action was precluded because Wideman had already pursued payment for MPM's services in Wayne Circuit Court. In response, MPM argued that it was not named in Wideman's action and that, given the valid assignments, it was the sole real party in interest with respect to no-fault benefits relating to MPM's services.

In August 2018, the trial court granted ACIC summary disposition. MPM's motion for reconsideration was denied and this appeal followed.

II. ANALYSIS

MPM argues that the trial court erred in granting ACIC summary disposition under MCR 2.116(C)(6). We agree.[1] The court erroneously concluded that, because the two actions were pursuing the same claim for benefits, the requirements of MCR 2.116(C)(6) were met. This, however, overlooks the rule's requirement that the moving and opposing parties to the present suit each be named as a party in the other suit, a circumstance not present here.

Summary disposition under MCR 2.116(C)(6) is appropriate where "[a]nother action has been initiated between the same parties involving the same claim." MCR 2.116(C)(6) "is a codification of the former plea of abatement by prior action." *Fast Air, Inc v Knight*, 235 Mich App 541, 545; 599 NW2d 489 (1999). "The plea of abatement protected parties from being harassed by new suits brought by the same plaintiff involving the same questions as those in

---

[1] We review de novo a trial court's grant or denial of a motion for summary disposition. *Fast Air, Inc v Knight*, 235 Mich App 541, 543; 599 NW2d 489 (1999). In deciding whether summary disposition under MCR 2.116(C)(6) is appropriate, a court considers the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted by the parties. MCR 2.116(G)(5). We review the interpretation of court rules de novo. *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010).

pending[2] litigation." *Frohriep v Flanagan*, 275 Mich App 456, 464; 739 NW2d 645, rev'd in part on other grounds 480 Mich 962 (2007).

MPM disputes that the "same parties" requirement is met in this case. Specifically, MPM argues that MCR 2.116(C)(6) is inapplicable because: (1) MPM was not a party to Wideman's action, and (2) MPM and Wideman are not the same party. The trial court did not expressly address this issue but cited *JD Candler Roofing Co, Inc v Dickson*, 149 Mich App 593, 598; 386 NW2d 605 (1986) for the proposition that "complete identity of the parties is not necessary" under MCR 2.116(C)(6) and the related precept that "the two suits must be based on the same or substantially the same cause of action." The trial court erred by reading this caselaw to mean that the plaintiff against whom dismissal is sought need not be a party to the other action. *JD Chandler* addressed the scenario where the relevant plaintiff and defendant are parties to both actions but the actions are not identical with respect to *other* parties. In that case, a roofer sued one of two owners of a supermarket for breach of contract; a suit by the two owners on the same issue was already pending. Summary disposition was appropriate under MCR 2.116(C)(6) because both parties to the second-filed case were also parties to the first-filed case. We concluded that it was immaterial that the other owner was not a party to the second suit. *Id*. at 598-599.

Michigan Supreme Court caselaw confirms that the rule providing that complete identity of the parties is not required refers to other parties, i.e., not the moving defendant and the opposing plaintiff. The rule was first recognized by the Supreme Court in *Pinel v Campsell*, 190 Mich 347; 157 NW 271 (1916). In that case, not all of defendants from the first suit were named in the second suit. See *id*. at 347-348. In discussing the plea of abatement, the Court observed:

> The principle is based upon the supposition that, if the first suit is so constituted as to be effective and available, and also to afford an ample remedy to the plaintiff in the second, the latter is unnecessary and should be dismissed. The positions of the respective parties on the record in the two suits, whether plaintiffs or defendants, is not material, if full relief can be had in the one first commenced. And if there were *other parties* in the first suit not included in the subsequent one, it would not necessarily prevent the pendency of the former action from being a defense to the latter, nor would the fact that the parties, plaintiff and defendant, were reversed in the two suits prevent the defense, if the

---

2 We have said that "summary disposition cannot be granted under MCR 2.116(C)(6) unless there is another action between the same parties involving the same claims currently initiated *and pending at the time of the decision regarding the motion for summary disposition*." *Fast Air*, 235 Mich App at 549 (emphasis added). As noted, the parties agree that ACIC and Wideman accepted the case evaluation award in Wideman's case. It is unclear whether ACIC was dismissed from that case, although the register of actions suggests that it was and that the case proceeded against one or both of the other party defendants. In any event, MPM does not argue that MCR 2.116(C)(6) was inapplicable on the ground that the other action was not pending, and so we will not address that issue.

issue in the two were the same, and the same relief attainable. [*Id*. at 352, quoting *Emry v Chappell*, 148 NC 327; 62 SE 411, 412 (1908) (quotation marks and citations omitted; emphasis added).]

Accordingly, the Court held that the second case should be abated as the rights of the two parties in question would be fully addressed in the first. *Id*. at 353.

The Court reached the same result in *Chapple v Nat'l Hardwood Co*, 234 Mich 296, 298; 207 NW 888 (1926), in which the second action "add[ed] new defendants [and] subtract[ed] some of the old ones . . . ." In holding that dismissal was proper under the statute codifying the plea of abatement, the Court relied on *Pinel* as well as treatises and out-of-state caselaw adopting the view expressed therein. The Court observed in part the following guidance from a treatise:

> "But a suit will be abated on the ground that another suit is pending in the same jurisdiction where the parties plaintiff are the same in both suits and the parties defendant in the second suit are parties defendant in the former suit, *notwithstanding that there are additional parties defendant in the former suit*, provided, of course, each action is predicated upon substantially the same facts as respects the defendants named in both." [*Id*. at 298-299, quoting 1 Ruling Case Law 15 (emphasis added).]

Thus, longstanding caselaw establishes that the term "same parties" in MCR 2.116(C)(6) refers to the party filing the motion and the party responding to it. Those are the relevant parties that must appear in both actions. The rule that complete identity of the parties is not required only comes into play when one or both of the actions contains an additional party not found in the other. A contrary interpretation of MCR 2.116(C)(6)—where the only requirement is that the claims be substantially similar—would render the term "same parties" mere surplusage. See *Casa Bella Landscaping, LLC v Lee*, 315 Mich App 506, 510; 890 NW2d 875 (2016) ("Court rules, like statutes, must be read to give every word effect and to avoid an interpretation that would render any part of the [court rule] surplusage or nugatory.") (quotation marks and citation omitted; alteration by *Casa Bell Landscaping*). But the Supreme Court conditioned MCR 2.116(C)(6)'s applicability on the other action involving the same parties in addition to the same claim, and we must apply "the rule's plain and unambiguous language as written." *Spine Specialists of Mich, PC v State Farm Mut Auto Ins Co*, 317 Mich App 497, 501; 894 NW2d 749 (2016).

Returning to the case at hand, MPM was not a party to Wideman's action against ACIC in Wayne Circuit Court. The trial court cited the familiar rule that "an assignee stands in the shoes of the assignor and acquires the same rights as the assignor possessed." *Prof Rehab Assoc v State Farm Mut Auto Ins Co*, 228 Mich App 167, 177; 577 NW2d 909 (1998). But it does not follow that, after the assignment, an assignee and assignor are treated as the same party with respect to the exercise of those rights. To the contrary, "an assignee of a cause of action *becomes the real party in interest with respect to that cause of action*, inasmuch as the assignment vests in the assignee all rights previously held by the assignor." *Cannon Twp v Rockford Pub Sch*, 311 Mich App 403, 412; 875 NW2d 242 (2015) (emphasis added). In other words, after execution of the assignment, only the assignee may enforce the acquired rights.

-4-

We also conclude that the trial court made an erroneous finding of fact by concluding that Wideman's assignments to MPM were all executed *after* Wideman filed her suit against ACIC and were therefore "ineffective." In fact, the record contains several assignments that preceded Wideman's suit. Therefore, we need not address whether any post-suit assignments were effective. Given our ruling, we also need not address MPM's arguments that the two suits do not concern the "same claim" and that the trial court erred in relying on the Wideman's case evaluation summary in concluding otherwise. Even if the two suits involve the same claim, summary disposition under MCR 2.116(C)(6) was erroneous when MPM was not a party to the first action.

We also note that the no-fault act suggests that the insurer should be held liable to the health care provider under the circumstances presented by this case. Section 3112 of the no-fault act provides in part:

> Payment by an insurer in good faith of personal protection insurance benefits, to or for the benefit of a person who it believes is entitled to the benefits, discharges the insurer's liability to the extent of the payments *unless the insurer has been notified in writing of the claim of some other person.* If there is doubt about the proper person to receive the benefits or the proper apportionment among the persons entitled to the benefits, the insurer, the claimant, or any other interested person may apply to the circuit court for an appropriate order. [MCL 500.3112 (emphasis added).]

Under this provision, "if the insurer has notice in writing of a third party's claim, then the insurer cannot discharge its liability to the third party simply by settling with its insured." *Covenant Med Ctr Inc v State Farm Mut Auto Ins Co*, 313 Mich App 50, 53; 880 NW2d 294 (2015), rev'd on other grounds 500 Mich 191.[3] Here, ACIC had written notice of MPM's claim given the complaint filed in Oakland Circuit Court. Despite being aware of that claim, ACIC chose to settle Wideman's claim for PIP benefits. Pursuant to MCL 500.3112, that the settlement had no effect on MPM's claim.

In any event, the only question before us is whether the trial court erred in granting ACIC summary disposition under MCR 2.116(C)(6). For the reasons stated in this opinion, we hold that MCR 2.116(C)(6) does not apply when the opposing plaintiff is not a party to other action. Because MPM was not a party to Wideman's action, the grant of summary disposition under MCR 2.116(C)(6) was erroneous.

---

[3] In *Covenant*, the Supreme Court determined that MCL 500.3112 did not grant healthcare providers a cause of action under the no-fault act, but the Court did not disagree with our explication of the statute. See *Covenant*, 500 Mich at 210-211.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Mark J. Cavanagh
/s/ Douglas B. Shapiro