*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALUDYNE, INC.,

        Plaintiff,

and

DMI AUTOMOTIVE SPAIN, SLU,

        Plaintiff-Appellant,

v

ANDERTON INDUSTRIES, INC., and
ANDERTON CASTINGS, SAS,

        Defendants-Appellees.

UNPUBLISHED
February 17, 2022

No. 356014
Oakland Circuit Court
LC No. 2020-183205-CB

---

ALUDYNE, INC.,

        Plaintiff-Appellant,

and

DMI AUTOMOTIVE SPAIN, SLU,

        Plaintiff,

v

ANDERTON INDUSTRIES, INC., and
ANDERTON CASTINGS, SAS,

        Defendants-Appellees.

No. 356030
Oakland Circuit Court
LC No. 2020-183205-CB

---

Before: K. F. KELLY, P.J., and SAWYER and GADOLA, JJ.

P_ER_ C_URIAM_.

In these consolidated appeals,[1] plaintiff Aludyne, Inc. ("Aludyne"), and plaintiff DMI Automotive Spain, SLU ("DMI Automotive"), appeal as of right the trial court's order granting summary disposition of defendants, Anderton Industries, Inc. ("Anderton Industries" and, collectively, "plaintiffs"), and Anderton Castings, SAS ("Anderton Castings" and, collectively, "defendants"). Finding no error warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

In 2015, Aludyne, then known as Chassix, Inc., and Anderton Industries, entered into two "Master Supply Agreements" ("MSAs") on behalf of themselves and their subsidiaries for the purchase and sale of automotive parts. The MSAs incorporated separate "Terms & Conditions of Purchase" ("Terms"), which, among other provisions, included a "Termination for Convenience" provision. In June 2016 and November 2016, Aludyne's Spanish subsidiary, DMI Automotive, issued four purchase orders to Anderton Industries's French subsidiary, Anderton Castings, for the purchase of automotive component parts. While the MSAs stated that disputes between the parties would be subject to Michigan law, the MSAs also stated that "Purchase Orders will be . . . subject to the local laws of the plants included on any such Purchase Order."

On June 29, 2020, Aludyne notified Anderton Industries of its intent to terminate the MSAs under the termination-for-convenience provision in the Terms. Anderton Castings subsequently initiated a summary proceeding for preliminary injunctive relief in the Commercial Court of Lyon, in Lyon, France, regarding Aludyne's purported termination. Anderton Castings prevailed in the summary proceeding and, while that proceeding was pending on appeal, plaintiffs brought the instant action in Oakland Circuit Court.

In their complaint, plaintiffs asserted that defendants breached the MSAs by initiating the French proceedings. Defendants moved for summary disposition under MCR 2.116(C)(6), asserting that judgment in their favor was proper because there was already another action involving the same parties and claims. Before the trial court ruled on the motion, defendants filed a second French action to resolve the merits of Anderton Castings's claim.[2] The trial court granted summary disposition in favor of defendants, concluding both French actions satisfied MCR 2.116(C)(6). This appeal followed.

---

[1] This Court consolidated these appeals "to advance the efficient administration of the appellate process." *Aludyne, Inc v Anderton Indus, Inc*, unpublished order of the Court of Appeals, entered January 20, 2021 (Docket Nos. 356014 and 356030).

[2] The two French proceedings are a function of French civil procedure. Unlike under our system where an action is filed and preliminary relief may be granted before addressing the merits of a claim, French courts provide preliminary relief in one action and address the merits of a claim in a separate action. Both actions are separately appealable. In addition, the French summary court may only provide injunctive relief; it does not have jurisdiction to award damages.

## II. STANDARD OF REVIEW

"This Court . . . reviews de novo a trial court's decision on a motion for summary disposition." *Dell v Citizens Ins Co of America*, 312 Mich App 734, 739; 880 NW2d 280 (2015). Summary disposition under MCR 2.116(C)(6) is appropriate if "[a]nother action has been initiated between the same parties involving the same claim." For another action to justify summary disposition under MCR 2.116(C)(6), it must have been initiated *and pending* at the time the trial court rules on the motion for summary disposition. *Fast Air, Inc v Knight*, 235 Mich App 541, 545; 599 NW2d 489 (1999). Moreover, "a pending appeal is equivalent to a pending action." *Planet Bingo, LLC v VKGS, LLC*, 319 Mich App 308, 323; 900 NW2d 680 (2017). The other action need not be pending in a Michigan court or a federal court located in Michigan; an action pending in a foreign jurisdiction can warrant summary disposition. *Id*. at 324.

## III. ANALYSIS

Plaintiffs argue the trial court erred when it granted summary disposition under MCR 2.116(C)(6), challenging each of the three elements. First, plaintiffs argue only the French summary proceeding was pending at the time this action was filed. Thus, according to plaintiffs, only that proceeding could be the basis of summary disposition; the French merits proceeding, while pending at the time the trial court granted summary disposition, was not an appropriate basis for the motion. Second, plaintiffs argue the French proceedings were not between the same parties since neither party's parent corporations (i.e., Aludyne and Anderton Industries) were parties to that proceeding. Third, plaintiffs argue the French summary proceeding did not involve the same claims because that court's jurisdiction was limited to injunctive relief. While we agree the French summary proceeding could not satisfy MCR 2.116(C)(6), we disagree with plaintiffs' other arguments.

Plaintiffs commenced this action shortly after an appeal regarding the French summary proceeding was filed. Defendants moved for summary disposition, and, shortly thereafter, filed the French merits proceeding. The trial court decided defendants' motion while both French proceedings were ongoing. The trial court found both French proceedings were proper bases for summary disposition under MCR 2.116(C)(6). The court disagreed with plaintiffs' argument that the French merits proceeding should not be considered for purposes of deciding the motion since it was filed after plaintiffs filed the complaint in this case, concluding the language of the rule only required an action be pending at the time of the court's decision. In dismissing plaintiffs' argument that the same parties were not involved in the French litigation, the court observed that the MSAs were entered into by the parent corporations on behalf of themselves and their subsidiaries. In addition, plaintiffs did not distinguish between each side's parent and subsidiary corporations in their complaint. Finally, the trial court disagreed with plaintiffs' argument that the same claims were not involved in the French summary proceeding since both actions required resolution of the parties' breach-of-contract dispute.

Summary disposition under MCR 2.116(C)(6) is a codification of the former plea of abatement by prior action. *Frohriep v Flanagan*, 275 Mich App 456, 464; 739 NW2d 645 (2007), rev'd in part on other grounds 480 Mich 962 (2007). "The plea of abatement protected parties from being harassed by new suits brought by the same plaintiff involving the same questions as those in pending litigation." *Id*. To abate an action, the two actions must be based on "substantially

the same facts" and "the same or substantially same cause of action, and as a rule the same relief must be sought." *Id.* (quotation marks and citation omitted).

At the outset, we conclude only the French merits proceeding involved the "same claims" for purposes of MCR 2.116(C)(6). While both the French summary proceeding and this proceeding involve the same cause of action—breach of contract—the relief sought and underlying facts are different. In the French summary proceeding, Anderton Castings sought preliminary injunctive relief on the basis of DMI Automotive's decision to terminate the purchase orders. In this action, however, plaintiffs allege defendants breached the MSAs by filing the French summary proceeding and also seek declaratory relief. Moreover, the French summary court was limited to awarding injunctive relief, whereas plaintiffs here seek damages. Thus, we conclude the French summary proceeding could not be the basis for summary disposition under MCR 2.116(C)(6). Accordingly, to the extent the trial court relied on the French summary proceeding when it granted summary disposition in defendants' favor, it erred. However, the French merits proceeding is before a court that can provide plaintiffs with damages, and plaintiffs have not demonstrated the merits proceeding involves different claims from those brought here.

Moreover, the French merits proceeding qualifies as "another action" for purposes of MCR 2.116(C)(6). Focusing on the purpose of the court rule—to protect parties from harassing litigation—plaintiffs argue the French merits proceeding could not form the basis for summary disposition because it was filed *after* plaintiffs filed their complaint. But this argument from plaintiffs ignores the plain language of the court rule, which only requires that "[a]nother action has been initiated . . . ." MCR 2.116(C)(6); see also *Acorn Investment Co v Mich Basic Prop Ins Ass'n*, 495 Mich 338, 350; 852 NW2d 22 (2014) ("[W]hen the language of the rule is unambiguous, it must be enforced as written."). Plaintiffs resist this interpretation of the court rule, arguing that the other action must have been initiated before the action in which the party seeks summary disposition. In other words, because the French merits proceeding was not initiated before plaintiffs filed their complaint, they contend that proceeding cannot serve as the basis for summary disposition.

We recently explained that summary disposition is proper under MCR 2.116(C)(6) "whenever 'there is another action between the same parties involving the same claims *currently initiated and pending* at the time of the decision regarding the motion for summary disposition.' " *Planet Bingo*, 319 Mich App at 325, quoting *Fast Air*, 235 Mich App at 549 (emphasis added). When the trial court granted defendants' motion for summary disposition, another action, the French merits proceeding, had been initiated and was pending. Thus, the French merits proceeding was "another action" for purposes of MCR 2.116(C)(6).

Lastly, the French merits proceeding involves the same parties as this action. "[C]omplete identity of parties is not necessary . . . ." *Frohriep*, 275 Mich App at 464, citing *Chapple v Nat'l Hardwood Co*, 234 Mich 296, 298-299; 207 NW 888 (1926). In *Chapple*, the Michigan Supreme Court explained that a plaintiff cannot circumvent the rule later codified in MCR 2.116(C)(6) "by adding new defendants or subtracting some of the old ones." *Chapple*, 234 Mich at 298. Plaintiffs have done just that in this case by simply adding another plaintiff not involved in the French proceeding. Moreover, plaintiffs have not demonstrated a distinction between the parent and subsidiary corporations involved in the claims at issue. The MSAs indicate they were "entered into by and between Anderton Industries with offices [in Michigan], on behalf of itself and its

affiliates . . . and Chassix Inc. [now Aludyne], on behalf of itself and its affiliates . . . with offices [in Michigan]." The MSAs make no further distinction between Anderton Industries and Aludyne and their affiliates. In addition, while plaintiffs differentiated between Aludyne and DMI Automotive, and Anderton Industries and Anderton Castings when setting forth the facts in their complaint, their claims merely refer to the parties as "Plaintiffs" and "Defendants."

The French merits proceeding involves the same parties and claims, and was initiated at the time the trial court decided defendants' motion for summary disposition. Accordingly, the trial court did not err when it granted summary disposition in defendants' favor under MCR 2.116(C)(6).

Affirmed. Defendants, as the prevailing parties, may tax costs.

/s/ Kirsten Frank Kelly
/s/ David H. Sawyer
/s/ Michael F. Gadola