# STATE OF MICHIGAN

# COURT OF APPEALS

CASA BELLA LANDSCAPING, LLC,

        Plaintiff-Appellant,

v

JAVIER E. LEE,

        Defendant-Appellee,

and

DEBTOR/CREDITOR RIGHTS COMMITTEE
OF THE BUSINESS LAW SECTION OF THE
STATE BAR OF MICHIGAN,

        Amicus Curiae.

FOR PUBLICATION
May 26, 2016
9:05 a.m.

No. 326237
Wayne Circuit Court
LC No. 14-001806-CZ

Before: GADOLA, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

Plaintiff Casa Bella Landscaping, LLC, appeals by leave granted[1] the trial court's order appointing Steven E. Smith as receiver for defendant Javier E. Lee. Because we conclude that the trial court failed to follow the mandates of MCR 2.622(B), we vacate the court's order appointing Smith and remand for further proceedings consistent with this opinion.

In conjunction with a motion for default judgment against Lee, plaintiff filed a motion for the appointment of a receiver, nominating David Findling and submitting a filing stating his qualifications to serve as receiver. Defendant did not object to the nomination within the timeframe provided by MCR 2.622(B)(1). The trial court granted the motion to appoint a receiver, but, instead of appointing plaintiff's nominee, the court appointed Smith. Plaintiff asserts on appeal that the trial court's appointment of Smith was in error because the trial court failed to follow the mandates of MCR 2.622.

---

[1] *Casa Bella Landscaping, LLC v Lee*, unpublished order of the Court of Appeals, entered August 11, 2015 (Docket No. 326237).

-1-

"[C]onstruing and applying a court rule presents a legal issue subject to review de novo." *Wickings v Arctic Enterprises, Inc*, 244 Mich App 125, 133; 624 NW2d 197 (2000). When considering a Michigan Court Rule, "[t]he principles of statutory construction apply[.]" *Decker v Trux R Us, Inc*, 307 Mich App 472, 479; 861 NW2d 59 (2014). "We begin by considering the plain language of the court rule in order to ascertain its meaning." *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009). "The intent of the rule must be determined from an examination of the court rule itself and its place within the structure of the Michigan Court Rules as a whole." *Id*. at 495 (internal quotations omitted).

Plaintiff filed its motion pursuant to MCR 2.622(B)(1), which provides in pertinent part:

(1) *Stipulated Receiver or No Objection Raised*. The moving party may request, or the parties may stipulate to, the selection of a receiver. The moving party shall describe how the nominated receiver meets the requirement in subsection (B) that a receiver selected by the court have sufficient competence, qualifications, and experience to administer the receivership estate, considering the factors listed in subsection (B)(5). If the nonmoving party does not file an objection to the moving party's nominated receiver within 14 days after the petition or motion is served, or if the parties stipulate to the selection of a receiver, *the court shall appoint the receiver nominated by the party or parties, unless the court finds that a different receiver should be appointed.* [emphasis added.]

It is undisputed that plaintiff requested the selection of a receiver, nominated Findling, and provided information in support of its belief that Findling had "sufficient competence, qualifications, and experience to administer the receivership estate." It is also undisputed that defendant did not object to plaintiff's nomination within 14 days after the motion was served.

The rule provides that if the nonmoving party does not object or the parties stipulate to the selection of a receiver, then "the court *shall* appoint the receiver nominated by the party or parties, unless the court finds that a different receiver should be appointed." MCR 2.622(B)(1) (emphasis added). In order to "find" that a different receiver should be selected, the trial court must first find that the nominated receiver, as to whom there has been no objection, is not qualified to serve as a receiver or should not be appointed for some other grounds articulated with specificity and supported by record evidence. A contrary interpretation would grant the trial court unfettered discretion to disregard a qualified nominated receiver, which is plainly inconsistent with the rule's provision that "the court shall appoint the receiver nominated by the party or parties." Court rules, like statutes, must be read to give every word effect and to "avoid an interpretation that would render any part of the [court rule] surplusage or nugatory." *Johnson v Recca*, 492 Mich 169, 177; 821 NW2d 520 (2012) (quotations and citations omitted).

The trial court made no findings that Findling was not qualified to serve as a receiver. Instead, when questioned as to its rationale for not appointing Findling, the court merely stated that it "won't use them." The court's conclusory statement wholly fails to satisfy the requirement that the court appoint the nominated receiver unless it finds that a different receiver should be appointed.

The trial court also failed to follow MCR 2.622(B)(5) which applies when the trial court appoints a receiver other than one nominated by a party under (B)(1). The rule provides:

> If . . . the court makes an initial determination that a different receiver should be appointed than the receiver nominated by a party under subsection (B)(1), the court shall state its rationale for selecting a particular receiver after considering the following factors:
>
> (a) experience in the operation and/or liquidation of the type of assets to be administered;
>
> (b) relevant business, legal and receivership knowledge, if any;
>
> (c) ability to obtain the required bonding if more than a nominal bond is required;
>
> (d) any objections to any receiver considered for appointment;
>
> (e) whether the receiver considered for appointment is disqualified under subrule (B)(6); and
>
> (f) any other factor the court deems appropriate.

Assuming *arguendo* that the trial court had properly found that Findling was unqualified and that a different receiver should be appointed, the trial court made insufficient findings to support its selection of Smith as receiver. It made no reference to any of the factors set forth in (B)(5) and did not "state its rationale for selecting a particular receiver[.]" MCR 2.622(B)(5). The court merely stated in conclusory terms that Smith was in the bar journal, had a sole receivership practice, and did a lot of work for banks. The trial court's rationale for selecting Smith was insufficient and inconsistent with the rule.

In sum, the trial court did not comply with MCR 2.622(B)(1) because it failed to make and support findings that Findling was unqualified. It also did not comply with MCR 2.622(B)(5) because it failed to state its rationale for appointing Smith upon consideration of the enumerated factors. We therefore vacate the trial court's order appointing Smith as receiver and remand to the trial court for further proceedings. Because Findling is representing plaintiff on appeal, he is no longer qualified to serve as receiver. See MCR 2.622(B)(6). Accordingly, on remand, the trial court shall permit plaintiff to nominate another receiver, who should be considered by the trial court consistent with the requirements of MCR 2.622(B). We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro

-3-