*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHARLETTE LEGION-LONDON, also known as
CHARLETTE LEGION, and CHARLETTE
LONDON,

        Plaintiff-Appellant,

v

SURGICAL INSTITUTE OF MICHIGAN
AMBULATORY SURGERY CENTER, LLC,
MICHIGAN BRAIN & SPINE PHYSICIANS
GROUP, PLLC, KEVIN T. CRAWFORD, D.O.,
P.C., KEVIN T. CRAWFORD, D.O., and ARIA
SABIT, M.D.,

        Defendants-Appellees.

FOR PUBLICATION
February 6, 2020

No. 344838
Oakland Circuit Court
LC No. 2016-155115-NH

Before: CAMERON, P.J., and CAVANAGH and SHAPIRO, JJ.

CAMERON, J. (*dissenting*)

Plaintiff filed a defective affidavit of merit (AOM) with her complaint in support of her medical malpractice claim. The defect in the AOM was significant: the doctor who signed the affidavit lacked the statutorily required qualifications necessary to support plaintiff's claims. More than six months after the complaint was filed, plaintiff moved the trial court to "amend" her AOM with a new AOM, this time signed by a different doctor who was qualified in an entirely different medical specialty. Not surprisingly, the trial court denied plaintiff's motion to amend, concluding that the substitution of a different health care professional, with different qualifications, in a different medical specialty, is not an amendment to the AOM previously filed; rather, it is a new AOM. Consequently, the trial court held that the second AOM could not relate back to the filing date of the original AOM and dismissed the claim. In reversing the trial court, the majority broadly interprets MCR 2.112(L)(2)(b) as permitting plaintiff to cure a defective AOM so as long as the "proposed amendment arose out of the same conduct as the conduct described in the original AOM." I disagree with the majority's expansive interpretation of MCR 2.112(L)(2)(b) and its conclusion that the substitute AOM constitutes an amendment. Therefore, I respectfully dissent.

MCL 600.2912d(1) requires a complaint alleging medical malpractice to be filed with an AOM "signed by an expert who the plaintiff's attorney reasonably believes meets the requirements of [MCL 600].2169." *Grossman v Brown*, 470 Mich 593, 598; 685 NW2d 198 (2004) (emphasis omitted). MCL 600.2169 requires, among other things, the condition that the AOM must be signed by a health care professional "in the same specialty as the [defendant]." The purpose of MCL 600.2169's requirement is to prevent frivolous medical malpractice claims. *Dorris v Detroit Osteopathic Hosp Corp*, 460 Mich 26, 47; 594 NW2d 455 (1999). In enacting MCL 600.2912d(1), which requires a reasonable belief that the requirements of MCL 600.2169 are satisfied, the Legislature "placed 'enhanced responsibilities' on medical malpractice plaintiffs." *Ligons v Crittenton Hosp*, 490 Mich 61, 70-71; 803 NW2d 271 (2011), quoting *Solowy v Oakwood Hosp Corp*, 454 Mich 214, 228; 561 NW2d 843 (1997).

In this case, it is undisputed that plaintiff's affiant, Dr. James Vascik, was board certified in a different specialty than defendant Dr. Kevin Crawford and that defendant Crawford used this defect to successfully challenge the AOM. The issue in this case is whether plaintiff's substitute AOM constitutes, as a matter of law, an amendment. I agree with the trial court that it was not an amendment.

As a preliminary matter, there is no dispute that AOMs are capable of being amended and, once properly amended, the AOM relates back to its original filing date.[1] However, the majority does not cite any authority that distinguishes a properly amended AOM from a wholesale substitute AOM that is not an amendment. Instead, the majority reasons that MCR 2.112(L)(2)(b) does not place limits on the nature of amendments to AOMs and then turns to authority outside of the AOM context to support its conclusion that plaintiffs are permitted to cure a defective AOM so long as "the proposed amendment arose out of the same conduct as the conduct described in the original AOM." In so concluding, the majority relies on MCR 2.118(D), which provides in relevant part that a claim will relate back to the date of the original pleading if the claim in the amended pleading "arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading." However, the majority disregards the fact that AOMs do not set forth claims. Rather, AOMs provide factual support for the allegations included in the complaint and serve to prevent frivolous medical malpractice claims. See *Dorris*, 460 Mich at 47. Further, by treating all requests to

---

[1] MCR 2.118(A)(2) provides that "a party may amend a pleading only by leave of the court or by written consent of the adverse party." Although an AOM is not a pleading, it is an attachment that must be filed along with a plaintiff's complaint, MCL 600.2912d(1), and the affidavit of merit is therefore subject to amendment under MCR 2.118(A)(2). Amendments of an affidavit of merit "relate[] back to the date of the original filing of the affidavit." MCR 2.118(D). See also *Jones v Botsford Continuing Care Corp*, 310 Mich App 192, 222; 871 NW2d 15 (2015) (DONOFRIO, P.J., concurring in part and dissenting in part) ("While an affidavit of merit is not a 'pleading' under MCR 2.110(A), MCR 2.112(L)(2)(b), taken together with MCR 2.118(D), allows an affidavit of merit to be amended, and that amendment relates back to the date of the original filing of the affidavit."). Thus, in order to relate back to the date of the original filing of the AOM, the change to the AOM must constitute an amendment.

amend the same, the majority blurs the legislative distinction between amendments to AOMs and the amendments of pleadings.

Consequently, the majority's reliance on MCR 2.118(D) is misplaced, and the majority's holding disregards the plain language of MCR 2.112(L)(2).[2]

MCR 2.112(L)(2)(b) provides, in relevant part:

all challenges to an affidavit of merit or affidavit of meritorious defense, including challenges to the qualifications of the signer, must be made by motion, filed pursuant to MCR 2.119, within 63 days of service of the affidavit on the opposing party. An affidavit of merit or meritorious defense may be *amended* in accordance with the terms and conditions set forth in MCR 2.118 and MCL 600.2301. [Emphasis added.]

Therefore, under MCR 2.112(L)(2)(b), the trial court has discretion to permit an amendment of an AOM only if the requirements of both MCR 2.118 and MCL 600.2301 are met.

In reaching its conclusion, the majority does not define the term "amendment" and does not apply the definition to the facts at issue in this case. Instead, the majority focuses on what a trial court must consider *after* the court determines that the proposed change to a pleading constitutes an amendment.[3] In doing so, the majority does not apply well-established rules relating to the interpretation of court rules, which include consulting dictionary definitions when a court rule does not define a term. See *Halloran v Bhan*, 470 Mich 572, 578; 683 NW2d 129 (2004). I believe that the majority's failure to do so contributes to the majority's flawed interpretation and application of MCR 2.112(L)(2)(b).

*Black's Law Dictionary* (11th ed) defines "amendment" as "a formal and usually minor revision or addition proposed or made to a statute, constitution, pleading, order, or other instrument; specifically, a change made by addition, deletion, or correction; especially, an alteration in wording." Similarly, *Merriam-Webster's Collegiate Dictionary* (11th ed) defines

---

[2] This Court reviews de novo whether a trial court properly interpreted and applied the relevant court rule. *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009). Court rules are interpreted according to their plain language. *Id.* The term "may" generally designates discretion, *Walters v Nadell*, 481 Mich 377, 383; 751 NW2d 431 (2008), and the word "and" is "a conjunction" that means "with," "as well as," and "in addition to," *Amerisure Ins Co v Plumb*, 282 Mich App 417, 428; 766 NW2d 878 (2009). "Court rules . . . must be read to give every word effect and to avoid an interpretation that would render any part of the [court rule] surplusage or nugatory." See *Casa Bella Landscaping, LLC v Lee*, 315 Mich App 506, 510; 890 NW2d 875 (2016) (quotation marks and citation omitted).

[3] The majority notes that under MCR 2.118(A)(2), a party may amend a pleading by leave of the court and that such "[l]eave shall be freely given when justice so requires" so long as certain particularized reasons do not exist. In relying on MCR 2.118(A)(2) and case law relating to the amendment of pleadings, the majority fails to first analyze whether the substitute AOM constituted an amendment.

-3-

"amendment" as "an alteration proposed or effected by" the process of amendment; "[a]mend" is also used as a verb, meaning "to alter formally by modification, deletion, or addition."

Plaintiff's second AOM was not an amendment under any commonly understood sense of the word. Plaintiff did not seek to make an addition, deletion, or correction to the AOM that was filed with the complaint. Rather, plaintiff sought to replace the original AOM with a different AOM signed by Dr. John Joseph Regan, an orthopedic surgeon whose medical specialty matched that of defendant Crawford. The wholesale substitution of affiants in different medical specialties cannot be considered a "minor revision or addition" of wording within the original AOM. Because the definition of an amendment does not contemplate the substitution of one AOM with a new AOM that is signed by a different affiant in a different specialty, Dr. Regan's AOM cannot be considered an amendment within the meaning of MCR 2.112(L)(2)(b) and MCR 2.118.

Nonetheless, the majority reasons that "for all intents and purposes," a successful challenge to the qualifications of the signer requires a plaintiff to submit a new AOM authored by a different affiant. Therefore, the majority argues, because MCR 2.112(L)(2)(b) permits amendment of AOMs when the qualifications of the signer are successfully challenged and because MCR 2.118(D) does not place limitations on the nature of the amendment, the plain text of the rules require the trial court to accept the replacement AOM as an amendment. In so concluding, the majority fails to take into consideration that the Legislature placed special restrictions on when a claim can proceed despite the fact that the expert witness who signed the AOM did not meet the requirements of MCL 600.2169.

Under MCL 600.2912d(1), a plaintiff's attorney in a medical malpractice action is required to file "an affidavit of merit signed by a health professional who the plaintiff's attorney *reasonably* believes meets the requirements for an expert witness under [MCL 600.]2169." (emphasis added). Thus, pursuant to MCL 600.2912d(1), a plaintiff's attorney must only reasonably believe that the proposed expert meets the requirements for an expert witness. See *Jones v Botsford Continuing Care Corp*, 310 Mich App 192, 200; 871 NW2d 15 (2015). "[T]he issue is not whether the attorney's judgment proves to be incorrect, but rather whether the attorney's belief, though erroneous in hindsight, was reasonable at the time." *Id.* at 201. If a plaintiff's attorney did not possess a reasonable belief that the expert met the requirements under MCL 600.2169, the medical malpractice action must be dismissed. See *Bates v Gilbert*, 479 Mich 451, 462; 736 NW2d 566 (2007).

The majority entirely fails to consider MCL 600.2912d(1) despite the fact that it concerns what must occur if a party successfully challenges the qualifications of a signer of an AOM. Because the rules of statutory construction require courts to "construe an act as a whole to harmonize its provisions and carry out the purpose of the Legislature," *Macomb Co Prosecuting Attorney v Murphy*, 464 Mich 149, 159; 627 NW2d 247 (2001), I believe that it is necessary to consider whether the trial court properly interpreted and applied MCL 600.2912d(1) to the facts of this case.

I conclude that the trial court properly determined that plaintiff's attorney did not have a reasonable belief that Dr. Vascik met the requirements of an expert witness. It is undisputed that, before the alleged malpractice, defendant Crawford had previously treated plaintiff for knee issues. The trial court found that "a simple Google search would have uncovered" that defendant Crawford

is board certified in orthopedic surgery and specializes solely in orthopedic surgery, including hip and knee orthopedic surgery.[4] Given the widespread availability of information on the Internet, even a cursory search would have revealed to plaintiff's attorney that defendant Crawford was an orthopedic surgeon who specialized in orthopedic surgery. Plaintiff correctly notes that defendant Crawford assisted Dr. Aria Sabit in performing plaintiff's spinal surgery and that Dr. Sabit is a neurosurgeon. However, plaintiff presents no evidence in support of the notion that defendant Crawford engaged in the practice of neurosurgery, particularly in light of the fact that defendant Crawford operated alongside Dr. Sabit, a neurosurgeon. Plaintiff also fails to present logical argument in favor of a finding that defendant Crawford practiced outside of his specialty in orthopedics. Moreover, defendant Crawford's response to plaintiff's pre-suit notice of intent contained information that defendant Crawford was an orthopedic surgeon. According to defendant Crawford's response to the notice of intent, "[t]he applicable standard of care for a board certified orthopedic surgeon assisting a neurosurgeon in the performance of spinal surgery [is] of a physician board certified in orthopedic surgery." Accordingly, based on the information available to plaintiff's counsel before the suit was filed, plaintiff's counsel could not have reasonably believed that Dr. Vascik (a neurosurgeon) met the requirements for an expert witness under MCL 600.2169.

Had plaintiff's counsel possessed a reasonable belief that Dr. Vascik was qualified to sign the AOM, the action would have been able to proceed despite the failure to comply with MCL 600.2169. The majority's conclusion that the trial court possessed an unbounded ability to permit the wholesale substitution of AOMs ignores the fact that, in enacting MCL 600.2912d(1), the Legislature "placed 'enhanced responsibilities' on medical malpractice plaintiffs." See *Ligons*, 490 Mich at 70-71. As already discussed, this enhanced responsibility requires a plaintiff's attorney to possess a reasonable belief that an expert meets the requirements of MCL 600.2169. The majority's expansive reading of MCR 2.112(L)(2)(b) subverts the requirements of MCL 600.2912d(1) and holds that even if a plaintiff's attorney did not reasonably believe that the proposed expert met the requirements of an expert witness, the trial court should nonetheless permit the action to proceed. In so holding, the majority essentially concludes that a plaintiff's attorney need not investigate whether a potential expert meets the requirements of MCL 600.2169 before filing a medical malpractice action and that, in the event the expert's qualifications are successfully challenged, amendment must be permitted regardless of whether the plaintiff's attorney possessed a reasonable belief that the AOM complied with MCL 600.2196. The majority's interpretation of MCR 2.112(L)(2)(b) essentially renders MCL 600.2169 and MCL 600.2912d(1) nugatory in that it permits plaintiffs to file complaints without conforming AOMs.

Although the majority notes that locating the appropriate expert can be challenging, the Legislature took this into consideration when enacting MCL 600.2912d(2). MCL 600.2912d(2) "allows, upon a showing of good cause, an additional twenty-eight days to obtain the required affidavit of merit. During this period, the statute will be tolled and summary disposition motions on the ground of failure to state a claim should not be granted." *Solowy*, 454 Mich at 229.

---

[4] Beaumont Hospital, *Kevin Crawford*, <https://doctors.beaumont.org/provider/Kevin+Crawford/225913> (accessed January 8, 2020).

Consequently, the majority fails to acknowledge that its concerns have already been addressed by the Legislature in its enactment of MCL 600.2912d(2).

Further, I disagree with the majority that my reading of MCR 2.112(L)(2)(b) would render the phrase "qualifications of the signer" nugatory. I agree that in some cases, a plaintiff could be required to procure an entirely different expert witness after a defendant successfully challenges the qualifications of the medical professional who signed the original affidavit of merit. However, in certain cases, an expert's qualifications can be corrected or supplemented within the original affidavit of merit. In such cases, a new affidavit from a new affiant would not need to be filed in order for a plaintiff to continue to pursue his or her medical malpractice action. For example, in the event that an expert's qualifications are not described accurately or completely in the AOM, it would certainly be appropriate for a trial court to permit amendment of the AOM. In such circumstances, the plaintiff would not be seeking to replace the original expert's AOM. Rather, the plaintiff would be seeking to correct an error or provide additional facts within the original AOM. Thus, reading MCR 2.112(L)(2)(b) to not permit entirely new AOMs does not render the phrase "qualifications of the signer" nugatory.

Finally, with respect to the majority's reliance on MCL 600.2301, MCL 600.2301 provides the following:

> The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. *The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties*. [Emphasis added.]

"The language in MCL 600.2301 requiring a court to disregard 'any' errors or defects if no substantial rights are affected plainly and unambiguously reaches both content and noncontent errors or defects, as the term 'any' is all-inclusive." *Furr v McLeod*, 304 Mich App 677, 702-703; 848 NW2d 465 (2014), rev'd in part by *Tyra v Organ Procurement Agency of Mich*, 498 Mich 68; 869 NW2d 213 (2015). The Court in *Furr* noted that Supreme Court precedent emphasizes that MCL 600.2301 "aims to abolish technical errors in proceedings and to have cases disposed of as nearly as possible in accordance with the substantial rights of the parties." *Furr*, 304 Mich App at 702 (quotation marks and citation omitted).

Even if I were to accept the majority's conclusion that MCL 600.2301 applies to the facts at issue in this case, it would not be dispositive given that plaintiff must comply with both MCR 2.118 *and* MCL 600.2301 in order to be entitled to relief under MCR 2.112(L)(2)(b).[5] Because I conclude that the substitution of affiants based on these facts cannot be considered "minor revision[s] or addition[s]" of wording so as to constitute an amendment, I would conclude that MCL 600.2301 cannot be applied to save plaintiff's claim.

---

[5] The word "and" is "a conjunction" that means "with," "as well as," and "in addition to." *Amerisure Ins Co*, 282 Mich App at 428.

For these reasons, I would affirm the trial court's decision to deny plaintiff's motion for leave to amend the affidavit of merit.


/s/ Thomas C. Cameron