*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

INFINITY HOMESCAPES, LLC,

Plaintiff-Appellant,

v

DICKEY'S BBQ PIT, INC., LIVINGSTON
RESTAURANT GROUP, and GRAND
PROMENADE,

Defendants-Appellees,

and

DICKEY'S BBQ PIT OF NOVI,

Defendant.

UNPUBLISHED
February 25, 2020

No. 347771
Oakland Circuit Court
LC No. 2018-167383-CB

Before: SHAPIRO, P.J., and JANSEN and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff Infinity Homescapes, LLC (Infinity), appeals the trial court's order granting defendants' motion for summary disposition under MCR 2.116(C)(6) (another action between the same parties regarding the same claim), and awarding costs and fees to defendants having found that Infinity's action was frivolous. We reverse.

## I. BACKGROUND

This case relates to the construction of a Dickey's BBQ in Novi, Michigan. Defendants have the following relation to the project: Dickey's BBQ Pit, Inc., is the franchisor for Dickey's BBQ restaurants; Livingston Restaurant Group, LLC (Livingston), is the relevant franchisee and does business under the name Dickey's BBQ Pit of Novi; and Grand Promenade, LLC (Grand Promenade), is the owner of the land in Novi on which the restaurant was being constructed. Infinity alleges, *inter alia*, that defendants were unjustly enriched by work it performed on the Novi project as a subcontractor.

Prior to the filing of the instant suit, a related case was filed in Kent County by Thorndale Construction Services, LLC (Thorndale), the general contractor for the Novi project. Thorndale sued Infinity alleging breach of contract concerning that project and also breach of contract regarding the construction of Chick-Fil-A restaurants in Kent and Kalamazoo County. Infinity filed a counterclaim against Thorndale for unjust enrichment as to each of the projects and a third-party complaint against Livingston, Grand Promenade, and Dickey's BBQ of Novi, but did not serve those parties. After the Kent Circuit Court judge denied Infinity's motion to change venue to Oakland Circuit Court for all issues regarding the Novi project, the third-party complaint was dismissed for non-service.[1] In sum, the sole parties in the Kent County case were Thorndale and Infinity, and the primary questions were whether Infinity had breached a contract with Thorndale as to all three projects and whether Thorndale was unjustly enriched.[2]

In July 2018, Infinity commenced the present action in the Oakland County Business Court; all counts relate to the Dickey's BBQ project in Novi. There are no allegations as to the Chick-Fil-A projects. Defendants filed a motion for summary disposition under MCR 2.116(C)(6), arguing that the pending Kent County action involved the same underlying facts and issues as the present case. In response, Infinity argued the two suits did not involve the same parties. In December 2018, the trial court issued an opinion and order rejecting that argument, concluding that Grand Promenade and Livingston were parties to both actions. The court determined that summary disposition was appropriate because the present case concerned the same facts and issues as those pending in the Kent County action. For the same reason, the court held that Infinity's action was frivolous and that defendants could file a motion for sanctions. The court subsequently denied Infinity's motion for reconsideration.

## II. ANALYSIS

Infinity argues that the trial court erred in granting defendants' motion for summary disposition because MCR 2.116(C)(6)'s "same parties" requirement is not met in this case. We agree.[3]

Summary disposition under MCR 2.116(C)(6) is appropriate where "[a]nother action has been initiated between the same parties involving the same claim." MCR 2.116(C)(6) "is a codification of the former plea of abatement by prior action." *Fast Air, Inc v Knight*, 235 Mich App 541, 545; 599 NW2d 489 (1999). "The plea of abatement protected parties from being harassed by new suits brought by the same plaintiff involving the same questions as those in

---

[1] Such a dismissal is without prejudice. MCR 2.102(E).

[2] There were additional parties to the Kent County suit that are not relevant to this appeal.

[3] We review de novo a trial court's ruling on a motion for summary disposition. *Casey v Auto Owners Ins Co*, 273 Mich App 388, 393; 729 NW2d 277 (2006). A trial court ruling upon a summary disposition motion under MCR 2.116(C)(6) should consider the "affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties." MCR 2.116(G)(5).

pending litigation." *Frohriep v Flanagan*, 275 Mich App 456, 464; 739 NW2d 645 (2007), rev'd in part on other grounds 480 Mich 962 (2007).

To begin, the trial court clearly erred in finding that defendants Livingston and Grand Promenade were parties to the Kent County action. As stated, those defendants, along with Dickey's BBQ of Novi, were dismissed from that case for lack of service. The fourth defendant in this action, Dickey's BBQ Pit, Inc., was not named as a defendant in the prior action. In short, not one of the defendants in this case was a party to the Kent County action at the time that they moved for summary disposition under MCR 2.116(C)(6) in the present action.

Given that the only party to both actions was Infinity, it seems axiomatic that MCR 2.116(C)(6) does not apply in this case because there is not another action involving the "same parties." However, defendants argue that it is immaterial that they are not parties to the other action because both suits concern the same facts and issues. They rely on the oft-cited rule that "complete identity of the parties is not necessary, and the two suits must be based on the same or substantially the same cause of action." *JD Candler Roofing Co, Inc v Dickson*, 149 Mich App 593, 598; 386 NW2d 605 (1986). Upon closer examination, however, it is clear that this caselaw does not stand for the proposition that courts may completely disregard MCR 2.116(C)(6)'s same-parties requirement; rather, the rule addresses the situation where at least one plaintiff and defendant are parties to *both* actions, but there are additional parties that are unique to either action.

Defendants rely primarily on *JD Candler*, 149 Mich App 593, in which two business partners sued a roofer seeking a declaratory judgment that the roofer was in breach of contract. A few weeks later, the roofer sued one of the partners in a separate action for breach of contract. In the second action, the trial court granted the partner summary disposition under MCR 2.116(C)(6). *Id*. at 595-597. On appeal, the roofer argued that the subrule did not apply because the other partner was not a party to the second action. However, because the parties to the second action were in both disputes, which involved the same claim, it was irrelevant that the other partner was not named as party defendant to the second suit. See *id*. at 598-601. As *JD Candler* demonstrates, the rule that complete identity of the parties is not required simply allows for summary disposition under MCR 2.116(C)(6) when one or both of the actions contains a party that does not appear in the other action. But in order for that subrule to apply, the existence of common parties to both suits is required.

Review of Supreme Court caselaw discussing the plea of abatement confirms that view. *JD Candler* relied on *Chapple v Nat'l Hardwood Co*, 234 Mich 296, 297; 207 NW 888 (1926), in which the same plaintiff brought suit against the same defendant, Jacobson, in two actions alleging the same claim, but the second suit had different codefendants. In holding that Jacobson was entitled to dismissal despite the presence of the different defendants, the Court relied on the rule *complete* identity of the parties is not required for the second to be abated. *Id*. at 298. The court also observed the following guidance on the plea of abatement:

> "But a suit will be abated on the ground that another suit is pending in the same jurisdiction where the parties plaintiff are the same in both suits and the parties defendant in the second suit are parties defendant in the former suit, *notwithstanding that there are additional parties defendant in the former suit*, provided, of course, each action is predicated upon substantially the same facts as

respects the defendants named in both." [*Id*. at 298-299, quoting 1 Ruling Case Law 15 (emphasis added).]

Thus, in *JD Candler* and *Chapple*, at least one plaintiff and defendant were parties to both actions, and the question was whether dismissal of the second action was appropriate when one of the actions contained an additional defendant. And we are not aware of any published caselaw applying MCR 2.116(C)(6) as to a party that appears only in one of the cases. Accordingly, the rule that complete identity of the parties is not required does not apply here since there is no defendant common to both cases. A contrary interpretation of MCR 2.116(C)(6)—where the only requirement is that the claims be substantially similar—would render the term "same parties" mere surplusage. See *Casa Bella Landscaping, LLC v Lee*, 315 Mich App 506, 510; 890 NW2d 875 (2016) ("Court rules, like statutes, must be read to give every word effect and to avoid an interpretation that would render any part of the [court rule] surplusage or nugatory.") (quotation marks and citation omitted; alteration by *Casa Bell Landscaping*). Yet we are bound to apply MCR 2.116(C)(6)'s unambiguous language as written. See *Spine Specialists of Mich, PC v State Farm Mut Auto Ins Co*, 317 Mich App 497, 501; 894 NW2d 749 (2016).

In sum, the trial court erred in granting summary disposition under MCR 2.116(C)(6) when Infinity was the only common party to both actions. Under those circumstances, the Kent County action did not involve same parties, regardless of whether that case concerned the same facts and issues. We recognize that this is not the most efficient outcome. However, all the instant defendants are involved only in the Novi project, not the other projects at issue in the Kent County case. And we see no basis in the court rules to require Infinity to sue defendants in Kent County when the events underlying Infinity's claims occurred solely in Oakland County. If defendants believe that Kent County would be a more convenient forum, Infinity may be willing to stipulate to change of venue.[4]

We also conclude that the trial court clearly erred in awarding defendants sanctions on the ground that Infinity's complaint was frivolous.[5] The trial court's finding of frivolousness was based on its erroneous conclusion that Infinity's action was barred by the pending Kent County

---

[4]As noted, Infinity originally filed a third-party claim against defendants in Kent County. According to Infinity, the instant defendants threatened to seek sanctions if they were served in those proceedings. Defendants do not rebut this allegation in their brief, but Infinity has not provided proofs that this occurred. In any event, it is not relevant to our decision, which turns on the court rule and not either parties' strategic decisions.

[5] A trial court may assess costs and attorney fees against a party as a sanction for asserting a frivolous action or defense. MCL 600.2591(1). A court's finding of frivolousness is reviewed for clear error. *BJ's & Sons Constr Co, Inc v Van Sickle*, 266 Mich App 400, 405; 700 NW2d 432 (2005). "A decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Kitchen v Kitchen*, 465 Mich 654, 661-662; 641 NW2d 245 (2002).

action.  Because summary disposition under MCR 2.116(C)(6) was not appropriate, neither were sanctions.

Reversed and remanded for further proceedings.  We do not retain jurisdiction.


/s/ Douglas B. Shapiro
/s/ Kathleen Jansen
/s/ Michael J. Kelly