*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

RICKY DALE JACK,

        Defendant-Appellee.

FOR PUBLICATION
March 11, 2021

No. 354524
Ingham Circuit Court
LC No. 18-001048-FC

Before: BOONSTRA, P.J., and BORRELLO and RICK, JJ.

BOONSTRA, P.J. (*dissenting*).

I respectfully dissent. The majority affirms the trial court's determination that MCR 6.201(A)(1) and MCR 6.201(B)(2) are appropriately read in isolation, and that the two rules impose wholly separate and independent discovery obligations. I disagree and instead would follow a cardinal rule of statutory interpretation that "statutory provisions must be read in the context of the entire statute in order to produce a harmonious whole[.]" *People v Hershey*, 303 Mich App 330, 336; 844 NW2d 127 (2013) (quotation marks and citation omitted).[1]

The issue before us requires that we interpret the language of a single court rule, MCR 6.201, which provides in pertinent part:

>      (A) Mandatory Disclosure. In addition to disclosures required by provisions of law other than MCL 767.94a, a party upon request must provide all other parties:

---

[1] We apply principles of statutory interpretation in construing our court rules, *People v Phillips*, 468 Mich 583, 587; 663 NW2d 463 (2003). See also *People v Traver*, 502 Mich 23, 31 (2018); ("The same broad legal principles governing the interpretation of statutes apply to the interpretation of court rules; therefore, when interpreting a court rule, this Court begins with the text of the court rule and reads the individual words and phrases in their context within the Michigan Court Rules.") (citation omitted).

(1) the names and addresses of all lay and expert witnesses whom the party may call at trial; in the alternative, a party may provide the name of the witness and make the witness available to the other party for interview; the witness list may be amended without leave of the court no later than 28 days before trial[.]

* * *

(B) Discovery of Information Known to the Prosecuting Attorney. Upon request, the prosecuting attorney must provide each defendant:

* * *

(2) any police report and interrogation records concerning the case, except so much of a report as concerns a continuing investigation[.]

* * *

(D) Excision. When some parts of material or information are discoverable and other parts are not discoverable, the party must disclose the discoverable parts and may excise the remainder. The party must inform the other party that nondiscoverable information has been excised and withheld. On motion, the court must conduct a hearing in camera to determine whether the reasons for excision are justifiable. If the court upholds the excision, it must seal and preserve the record of the hearing for review in the event of an appeal.

(E) Protective Orders. On motion and a showing of good cause, the court may enter an appropriate protective order. In considering whether good cause exists, the court shall consider the parties' interests in a fair trial; the risk to any person of harm, undue annoyance, intimidation, embarrassment, or threats; the risk that evidence will be fabricated; and the need for secrecy regarding the identity of informants or other law enforcement matter . . . .

* * *

(I) Modification. On good cause shown, the court may order a modification of the requirements and prohibitions of this rule.

Specifically at issue are subsections (A)(1) and (B)(2). Lurking in the background are subsections (D), (E) and (I).[2] Because all of these subsections of the single court rule at issue must be harmonized if possible, I will outline how I believe the court rule should be applied in this case.

First, it bears noting at the outset that MCR 6.201(A)(1) speaks of "lay and expert witnesses whom [a] party may call at trial."[3] By contrast, MCR 6.201(B)(2) speaks of a "police report." MCR 6.201(A)(1) sets forth a mandatory obligation of all parties, upon the request of a party. MCR 6.201(B)(2) sets forth a mandatory obligation of the prosecution, upon the request of a defendant.[4] Because MCR 6.201(A)(1) addresses "witnesses" and MCR 6.201(B)(2) addresses "police reports," they, to some extent, have different focuses. But to the extent a police report contains witness information, the information that a party may request under MCR 6.201(B)(2)—via a request for a police report—necessarily overlaps with the information that a party may request under MCR 6.201(A)(1).[5]

Importantly, MCR 6.201(A)(1) provides two options to a party when, in the course of discovery, it is requested to provide witness information: (1) it may provide the "names and addresses" of the witnesses; or (2) "in the alternative," it "may provide the name of the witness and make the witness available to the other party for interview." If the party selects the alternative opinion, it then must still provide the names of witnesses; but it need not provide the addresses of the witnesses (but must instead make the witnesses available for interview). *Id*. Herein lies the rub with the trial court's and the majority's interpretation of MCR 6.201(B)(2): if a defendant requests a police report, and the police report contains witness address information, then the application of MCR 6.201(B)(2) in isolation from MCR 6.201(A)(1) effectively divests the prosecution of the alternative option otherwise available to it under MCR 6.201(A)(1).

Before addressing how to harmonize these provisions, I would first bring MCR 6.201(D) into the mix. That subsection provides that when "some parts of material or information are discoverable and other parts are not discoverable, the party must disclose the discoverable parts and may excise the remainder." MCL 6.201(D). That is effectively the process the prosecution followed in this case (although it was not styled in that fashion): the prosecution produced the police report, but produced it in redacted fashion, excising witness information that it deemed to

---

[2] As noted, the trial court concluded that MCR 6.201(A)(1) and MCR 6.201(B)(2) operate wholly independently. It referenced MCR 6.201(E) as potentially invokable as the matter proceeds. It did not mention MCR 6.201(D) or MCR 6.201(I).

[3] Because MCR 6.201(A)(1) is part of the "discovery" rules, it cannot be interpreted to refer only to a party's final "trial" witness list, i.e., the list of witnesses that a trial court may require a party to file with the court in advance of trial. Rather, it necessarily is refers to witnesses whose identity may be requested *during the course of discovery*.

[4] MCR 6.201(B)(2) contains an exception for "so much of a [police] report as concerns a continuing investigation." That exception is not at issue in its case, and neither its existence nor its inapplicability in this case has any bearing on my statutory analysis.

[5] Indeed, the trial court recognized that "there may and usually will be some or even substantial overlapping information."

be nondiscoverable (and, as is required by MCR 6.201(D), advising defendant that it had done so). Defendant was not without recourse, however, because MCR 6.201(D) further provides that "[o]n motion, the court must conduct a hearing in camera to determine whether the reasons for excision are justifiable. If the court upholds the excision, it must seal and preserve the record of the hearing for review in the event of an appeal." And, indeed, defendant filed a motion to compel, and the trial court held a hearing on the motion. The sole focus of the hearing, however, was the statutory interpretation question that lies at the heart of this appeal. That is, the proceedings in the trial court focused solely on the interplay between MCR 6.201(A)(1) and MCR 6.201(B)(2); apart from that statutory interpretation issue, the prosecution did not offer specific reasons (based on the factual circumstances of this case) for the excisions, defendant did not challenge any such reasons (as it could not have under the circumstances), and the trial court not only did not hold an "in camera" hearing but did not determine whether any such reasons were "justifiable" (as it also could not have under the circumstances).

That brings us full circle back to the statutory interpretation issue. And I conclude, contrary to the trial court and the majority, that the only way to harmonize MCR 6.201(A)(1) and MCR 6.201(B)(2), as applied in this case, is as follows. In response to defendant's request, under MCR 6.201(A)(1), for the names and addresses of witnesses, the prosecution had the option—and the right—to invoke the alternative of providing witness names, withholding witnesses addresses, and making the witnesses (whose addresses are withheld) available for interview. When it did so, it effectively rendered the witness address information "not discoverable"—at least for purposes of MCR 6.201(A)(1). That necessarily also meant that the prosecution had the concomitant right to excise witness address information from any police reports that it produced, upon request, under MCR 6.201(B)(2). To conclude otherwise would effectively read the alternative option under MCR 6.201(A)(1) out of existence, and would render that part of the court rule nugatory. See *Casa Bella Landscaping, LLC v Lee*, 315 Mich App 506, 510; 890 NW2d 875 (2016) ("Court rules, like statutes, must be read to give every word effect and to avoid an interpretation that would render any part of the [rule] surplusage or nugatory.") (quotation marks and citation omitted; alteration in the original).

The prosecution's choice under MCR 6.201(A) need not be the end of the story, however. The information in question may or may not be discoverable or protectable for other, substantive reasons (apart from the statutory interpretation issue), and the parties may in due course bring any such issues before the trial court for determination. Defendant has the right to seek a "modification of the requirements and prohibitions" of MCR 6.201 by filing a motion and showing good cause under MCR 6.201(I). Defendant also the right to challenge any substantive reasons for excision by filing a motion under MCR 6.201(D) (in which case the trial court must hold an in camera hearing and determine whether the reasons are justifiable). And MCR 6.201(E) is an additional vehicle by which the trial court may afford appropriate protections with respect to any information that it may order to be produced during the course of discovery.

For all of these reasons, I would hold that when the prosecution invokes the alternative option under MCR 6.201(A)(1) (thereby providing the names of witnesses, withholding witness addresses, and instead making the witnesses available for interview), it may also excise witness address information (for those witnesses whose addresses are withheld under MCR 6.201(A)(1)) from any police reports produced under MCR 6.201(B)(2), all without prejudice to further proceedings under MCR 6.201(D), MCR 6.201(E), or MCR 6.201(I). I therefore respectfully

dissent and would reverse the trial court's order requiring the prosecution to produce unredacted police reports.

/s/ Mark T. Boonstra